UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAVID M. PETERSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:18-cv-1184

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it was not supported by substantial evidence.

For the following reasons, the Court will **vacate** the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on June 2, 2015, alleging that he had been disabled since January 1, 2012. (PageID.238–44.) Plaintiff was 39 years old at the alleged onset date.

(PageID.238.) Plaintiff had completed about two years of college and had previous employment as a corrections officer, construction worker, security guard, and police officer. (PageID.72–74.) Plaintiff's application was denied (PageID.138–143), after which he requested a hearing before an Administrative Law Judge (ALJ). (PageID.147–48.)

On April 14, 2017, ALJ Steven C. Smith conducted a video hearing and advised Plaintiff of his upcoming retirement. (PageID.56–59.) Plaintiff, through his counsel, requested a postponement and a hearing before the next ALJ assigned to the case. (PageID.60–61.) Plaintiff subsequently amended his alleged onset date to June 1, 2015. (PageID.267.) On July 13, 2017, ALJ Nicholas M. Ohanesian held a hearing and received testimony from Plaintiff and Ms. Christensen, an impartial vocational expert. (PageID.63–98.) On November 14, 2017, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from the amended onset date, June 1, 2015, through the date last insured, March 31, 2016. (PageID.37–55.) The Appeals Council denied Plaintiff's request for review on August 22, 2018, rendering the ALJ's decision the Commissioner's final decision in the matter. (PageID.26–31.) Plaintiff initiated this civil action for judicial review on October 19, 2018.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

Initially, the ALJ noted that Plaintiff's previous application for DIB was denied on March 15, 2013, and no grounds existed to reopen the prior decision. (PageID.40.)

After determining that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 1, 2015, the ALJ found that Plaintiff suffered from the following severe impairments: (1) osteoarthritis of the knees with a history of surgical repair of anterior cruciate ligaments bilaterally; (2) rheumatoid arthritis of the knees, hands, and shoulders; and (3) obesity.

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

(PageID.42.) At step three, the ALJ determined that, on or before March 31, 2016, Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43–44.)

At step four, the ALJ found that, under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), and Acquiescence Ruling 98-4(6), the updated medical evidence did not show a significant worsening of Plaintiff's impairments that would require a significant departure from the residual functional capacity (RFC) determined in the prior hearing in March 2013. (PageID.44.) In the 2013 decision, the ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he was "limited to jobs that allow an option to stand at will and that do not require repetitive movement of the hands." (PageID.107.) ALJ Ohanesian added the additional restriction that Plaintiff could not perform tasks that required "frequent handling/grasping or fingering/gripping." (PageID.44.)

The ALJ found that Plaintiff could not perform his past work. (PageID.48.) However, based on testimony from the vocational expert, the ALJ found that approximately 161,000 visual inspector, order clerk, and surveillance system monitor jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.49.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

5

**Discussion**

Plaintiff argues that remand is required because the ALJ did not follow the Sixth Circuit's recent decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). The Court agrees.

As noted, the ALJ cited the Sixth Circuit's decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), which held that the Commissioner is bound by a prior determination "absent changed circumstances." *Id.* at 842. The ALJ also applied Acquiescence Ruling 98-4(6), which requires ALJs within the Sixth Circuit to adopt a finding from a prior decision in deciding a subsequent claim for an unadjudicated period arising under the same title of the Act, "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." 1998 WL 274052. The ALJ concluded that, because the updated medical evidence did not establish a significant worsening of Plaintiff's impairments, there was no basis to deviate significantly from the prior ALJ's 2013 RFC finding. (PageID.44.)

In *Earley*, the Sixth Circuit clarified some confusion that *Drummond* created by limiting the application of res judicata in cases involving a prior application for disability benefits. Res judicata would apply, the Court explained, where a claimant files a second application for the same period of time but "offers no cognizable explanation for revisiting the first decision." *Id.* at 933. But where a claimant files "a new application for a new period of time," the subsequent application is entitled to independent review. *Id.* In other words, the ALJ must give the new application and the new evidence presented a "fresh look." *Id.* at 931. Thus, *Earley* establishes that an ALJ adjudicating an application for a later period is not bound by an ALJ's finding for a prior period. The court cautioned, however, that "[f]resh review is not blind review." *Id.* at 934. An ALJ "should [not] completely ignore earlier findings and applications." *Id.* Instead, "[a] later

6

administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id.* Thus, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933.

ALJ Ohanesian cannot be faulted for not applying *Earley* because the Sixth Circuit did not decide the case until more than six months after he issued his decision. In other words, at the time of the decision, *Drummond* still provided the guiding rule in cases involving successive applications. The Sixth Circuit prescribed the appropriate remedy in such a case: "The ALJ should have another opportunity to review the application under the correct standard." *Id.* at 934 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). However, remand need not always be automatic. In *Brent v. Commissioner of Social Security*, No. 17-12654. 2018 WL 4403418, at *3 (E.D. Mich. Sept. 17, 2018), the court found no error because, even without the benefit of *Earley*, "[t]he record establishe[d] that ALJ Matulewicz conducted an independent review of the evidence." *Earley* permits an ALJ to *consider* a previous ALJ's RFC assessment, but requires remand where the ALJ concludes he is bound by it. *Earley*, 893 F.3d at 934. Remand is thus appropriate where the ALJ's decision demonstrates that he or she treated the prior ALJ's RFC as the required starting point of the analysis. *See Dunn v. Comm'r of Soc. Sec.*, No. 1:17-cv-634, 2018 WL 4574831, at *3 (W.D. Mich. Sept. 25, 2018) (finding that the ALJ applied the incorrect standard by adopting the prior ALJ's findings and then explaining why they were not binding). In *Gale v. Commissioner of Social Security*, No. 1:18-cv-859, 2019 WL 8016516 (W.D. Mich. Apr. 17, 2009), *report and recommendation adopted*, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020), the court remanded because the ALJ believed that she was bound by the prior ALJ's opinion. *Id.* at *5. The ALJ in *Gale* found that the new evidence did not support that the claimant "experienced any material

7

worsening of her condition" and, accordingly, "adopted the residual functional capacity from the prior ALJ decision." *Id.* (quoting ALJ's decision).

In the instant case, although ALJ Ohanesian did not expressly state that he was bound by the prior ALJ's RFC finding, a fair reading of his decision shows that to be the case, as he cited *Drummond* and said that the new evidence did "not establish a significant worsening of the claimant's impairment to significantly supersede the [RFC] determination assessed in the prior decision issued by Judge Ogden in March 2013." (PageID.44.) The fact that ALJ Ohanesian found a more restrictive RFC than the prior ALJ based on an opinion from Plaintiff's treating physician does not undercut this conclusion. Even if a subsequent ALJ determines that a claimant has a more restrictive RFC based on new evidence, the ALJ nonetheless errs if he starts with the premise that he is bound by the prior RFC determination.

Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons stated herein, the Commissioner's decision will be **reversed and remanded** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate Plaintiff's claim under the standard set forth in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

An Order consistent with this Opinion will enter.

Dated: March 23, 2020                                 /s/ Sally J. Berens
                                                                                 SALLY J. BERENS
                                                                                 U.S. Magistrate Judge